IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OPLUS TECHNOLOGIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-cv-9029 |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SEARS HOLDINGS CORPORATION and | ) | |
| JVC AMERICAS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Oplus Technologies, Ltd. ("Oplus"), complains of defendants Sears Holdings Corporation ("Sears"), and JVC Americas Corp. ("JVC") (collectively, "Defendants") as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.  This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

2.      Oplus is a foreign corporation organized under the laws of the state of Israel.

3.      Oplus owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 6,239,842  entitled "Method of De-Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique," which issued May 29, 2001 (the "'842 Patent"). A true and correct copy of the '842 Patent is attached as Exhibit A.

4.     Oplus also owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 7,271,840 entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Applications Thereof," which issued September 18, 2007 (the "'840 Patent"). A true and correct copy of the '840 Patent is attached as Exhibit B.

5.     Sears Holdings Corporation is a Delaware Corporation, with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

6.     JVC is a Delaware Corporation with its principal place of business at 1740 Valley Road, Wayne, NJ 07470.

7.     Defendants have sold or offered to sell products that infringe the '842 and '840 Patents within this judicial district, and have advertised the sale of such products in this judicial district.

8.     Venue is proper in this district under 28 U.S.C. § 1400(b).

## PATENT INFRINGEMENT

9.     JVC has infringed the '842 Patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using deinterlacing methods that fall within the scope of at least claim 14 of the '842 Patent.  An example of such infringing products is the JVC HD D-ILA Front Projector, which is sold through Sears. Alternatively, JVC is indirectly infringing the '842 Patent because it now knows that the steps of the claimed method described in claim 14, for example, are performed by users of JVC products, such as the JVC HD D-ILA Front Projector. The JVC products, such as the JVC HD D-ILA Front Projector, are especially designed and made in a manner such that there are no substantial non-infringing uses. A representative claim chart illustrating infringement of claim 14 of the '842 Patent by JVC is attached as Exhibit C.

2

10.    Sears has infringed the '842 Patent at least by importing, selling and/or offering to sell such infringing products as the JVC HD D-ILA Front Projector. Alternatively, Sears is indirectly infringing the '842 Patent because it knows that the steps of the claimed method described in claim 14, for example, are performed by users of JVC products that it imports, sells and/or offers for sale, such as the JVC HD D-ILA Front Projector . The JVC products that Sears imports, sells, and/or offers for sale, such as the JVC HD D-ILA Front Projector, are especially designed and made in a manner such that there are no substantial non-infringing uses. A representative claim chart illustrating infringement of claim 14 of the '842 Patent by Sears is attached as Exhibit C.

11.    JVC has infringed the '840 Patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using video signal error correction methods that fall within the scope of at least claim 56 of the '840 Patent. An example of such infringing products is JVC's Audio/Video Receiver Model No. RX-D412B Player sold by Sears.  Alternatively, JVC has indirectly infringed the '840 Patent because it now knows that the steps of the claimed method described in claim 56, for example, are performed by users of JVC products, such as the JVC's Audio/Video Receiver Model No. RX-D412B Player. The JVC products, such as the Audio/Video Receiver Model No. RX-D412B Player, are especially designed and made in a manner such that there are no substantial non-infringing uses.  A representative claim chart illustrating infringement of claim 56 of the '840 Patent by JVC is attached as Exhibit D.

12.    Sears has infringed the '840 Patent at least by importing, selling and/or offering to sell such infringing video products using video signal error correction methods that fall within the scope of at least claim 56 of the '840 Patent such as the JVC Audio/Video Receiver Model No. RX-D412B Player. For example, Sears has sold products that infringe claim 56 of the '840

Patent including the JVC Audio/Video Receiver Model No. RX-D412B Player. A representative claim chart illustrating infringement of claim 56 of the '840 Patent by Sears is attached as Exhibit D.

13.     Defendants' acts of infringement have injured Oplus, and Oplus is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

14.     The acts of infringement by Defendants have injured and will continue to injure Oplus, unless and until such infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Oplus Technologies, Ltd., respectfully request judgment against Defendants and their subsidiaries and affiliates as follows:

A.     An award of damages adequate to compensate Oplus for each of Defendants' acts of infringement, together with prejudgment interest from the date infringement of the '840 and '842 Patents began through the expiration of the respective patents;

B.     An injunction permanently prohibiting Defendants and all persons in active concert or participation with them, from further acts of infringement of the '840 and '842 Patents; and

C.     Such other and further relief as this Court or a jury may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,


*/s/ Raymond P. Niro*
Raymond P. Niro
Arthur A. Gasey
Paul C. Gibbons
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

*Attorneys for Oplus Technologies, Ltd.*